**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

SHIMON SHENKER,

      Plaintiff,

    v.

TOWNSHIP OF LAKEWOOD, *et al.*,

      Defendants.

Case No. 24–cv–03131–ESK–EAP

OPINION AND ORDER

**THIS MATTER** having come before the Court on plaintiff Shimon Shenker's motion for reconsideration (Reconsideration Motion) (ECF No. 156 (Mot.)) of my decision (Decision) (ECF No. 134 (Op.); ECF No. 135 (Order)) granting defendant Ocean County Prosecutor's Office's (OCPO) motion to dismiss (OCPO Motion) (ECF No. 83); and the OCPO having filed an opposition to the Reconsideration Motion (ECF No. 160); and the Court finding,

1.    On February 28, 2025, I entered the Decision granting the OCPO Motion.  (Order ¶ 2.)   I found that because the OCPO is protected by Eleventh Amendment sovereign immunity, Shenker's claims for conversion and replevin, and deprivation of liberty and property without due process lacked subject matter jurisdiction.  (*Id.*; Op. pp. 12–15.)   On March 14, 2025, Shenker filed his initial motion for reconsideration of the Decision.   (ECF No. 143.)   On the same day, Shenker filed an appeal of the Decision to the Third Circuit.   (ECF No. 144.)   Pending the appeal, I entered an order administratively terminating the initial motion for reconsideration and staying this action (ECF No. 145), which Shenker also appealed (ECF No. 147).   After the Third Circuit dismissed the appeals (ECF No. 152), I reinstated this action on April 8, 2026 (ECF No. 155).   Shenker filed the Reconsideration Motion on April 14, 2026.   (Mot.)

2.    Motions for reconsideration are not expressly authorized by the Federal Rules of Civil Procedure and, are instead, governed within this District by Local Civil Rule 7.1(i).   *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018).   Relief under Local Civil Rule 7.1(i) "is an extraordinary remedy that is granted 'very sparingly.'"   *Id.* (quoting L. Civ. R. 7.1(i) cmt. 6(d)).   To prevail, the movant must present "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its

initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (alteration in original) (quoting *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999)). A court "will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter." *Andreyko v. Sunrise Senior Living, Inc.,* 993 F. Supp. 2d 475, 478 (D.N.J. 2014).

3. Shenker argues that "[i]t is well-settled that sovereign immunity does not apply to replevin or detinue claims." (ECF No. 156–1 (Mov. Br.) p. 2.) He asserts that because I found otherwise, the Reconsideration Motion must be granted to correct a clear error. (*Id.* pp. 2–4.) In support of his position, Shenker cites to several cases wherein courts did not bar a plaintiff's claims based on sovereign immunity. (*Id.*) But these cases are distinguishable from the facts in this action, and Shenker merely repeats arguments I previously rejected in granting the OCPO Motion. For example, Shenker cites to unpersuasive state court cases addressing state law claims. (*See id.* (citing *Poindexter v. Greenhow,* 114 U.S. 270, 282 (1885); *Greyhound Welfare Found. v. Mississippi State Univ.,* 736 So. 2d 1048, 1049 (Miss. 1999); *Stockton v. Morris & Pierce,* 172 Tenn. 197 (Ten. 1937).) The other cases Shenker cites sought injunctive relief against individuals, rather than state entities, or involve different underlying claims. (*See id.* (citing *Poindexter v. Greenhow,* 114 U.S. 270 (1885); *Tindal v. Wesley,* 167 U.S. 204 (1897); *Ex parte Young,* 209 U.S. 123 (1908); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89 (1984); *Frein v. Pa. State Police,* 47 F.4th 247, 257 (3d Cir. 2022)).)

4. Shenker also seeks reconsideration of my rejection of his inverse condemnation claim. (*Id.* pp. 4–7; *see* Op. p. 5 n.3.) But rather than argue that I overlooked the law or a new development has occurred, Shenker incorporates his inverse-condemnation arguments from his opposition to the OCPO Motion into the Reconsideration Motion. (Mov. Br. p. 6.) Since a motion for reconsideration is neither a vehicle to reargue the underlying motion nor an opportunity for the parties to take a second bite at the apple, Shenker's arguments as to this issue fails. *See Tischio v. Bontex, Inc.,* 16 F. Supp. 2d 511, 532 (D.N.J. 1998).

5. To the extent Shenker argues that I misapplied and misinterpreted the Extreme Risk Protective Order (ERPO) Act and New Jersey Attorney General Directive No. 2019–2 (Directive), Shenker's arguments are meritless. (*See* Mov. Br. pp. 7–13; *see* Op. pp. 9–12.) In the Decision, I expressly noted that because the Directive is a matter of public record, it could be considered when resolving the OCPO Motion. (Op. p. 10 n. 4.) I also assessed how the Directive delegated implementation of the ERPO Act to the OCPO. (*Id.* pp. 11,

12.)   Beyond rehashing the arguments previously presented to me, Shenker presents no basis for revisiting this issue.   *See Tischio*, 16 F. Supp. 2d at 532.

6.    In summary, Shenker does not identify an intervening change in controlling law, evidence not previously available that has become available, or a need to correct a clear error of law or prevent manifest injustice.   *See Rich*, 294 F. Supp. 3d at 272.

Accordingly,

**IT IS** on this   **8th** day of **May 2026**   **ORDERED** that:

1.    The Motion is **DENIED**.   The claims asserted against the OCPO are **dismissed** for lack of subject matter jurisdiction.

2.    The Clerk of the Court is directed to terminate the Motion at ECF No. 156.


_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**